LANDON, J.
The instrument is evidence of the loan, and provides that, in case the husband should die before his wife, she should not only be fully paid, but should be entitled “to all my one-half interest” in certain real estate. Might not the husband have tendered repayment of the loan to the wife while she was yet living, and thus have canceled the obligation? It ivas a loan, therefore an indebtedness, and therefore payable. There is no contract upon her part exempting her from obligation to receive payment whenever tendered. If he should die first, he promised that the loan *417 should be paid, and additional benefits be given his wife-Suppose, meantime, he had sold his interest in his real estate contingently promised to his wife. It is not clear that she would have had any equitable interest in it, “But, if the said Martha A. Cronin shall not survive me, then this agreement shall be of no effect.” This declares that the instrument is now, such contingency having happened, of no effect as an agreement. If,' so, then its terms do not determine the rights of the parties. Nothing remains of it as an existing agreement, but it is still the declaration of the deendant that his wife loaned him the money in question. Certainly it was the intention of the parties that, if she should not survive him, her heirs should not have the real estate. But there is nowhere any agreement upon her part that .she renounced in such event her title to the debt due from him on account of the loan. In short, this agreement-effective to the extent of its terms, in the event of certain contingencies—does not state that, if the wife cannot be paid in the way stated, she or her estate shall never be paid. By her prior decease the written agreement is made of “no effect,” and the parties are remitted to such obligations and duties as the loan and its nonpayment imply. We do not think the agreement usurious. There is no certain agreement to pay excessive interest. Insurance Co. v. Dunham, 33 Hun, 415.
The judgment should be" reversed, and a new trial ordered, costs to abide the event. . -
HERRICK and MERWIN. JJ., concur. PARKER, P. J., and PUTNAM, J., dissent.